UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SOUBLET,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 18-cv-03738-JST<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

Before the Court is Defendants County of Alameda and Lori Cox's motion to dismiss Plaintiff Sylvia Soublet's state-law claims. ECF No. 12. The Court will grant the motion and dismiss the challenged claims with prejudice.

## I. BACKGROUND

### A. Factual Background

As set forth in her operative First Amended Complaint ("FAC"), Soublet is the Director of Public Affairs and Community Relations for Defendant County's Social Services Agency ("SSA"). ECF No. 7 ¶ 14. Soublet alleges that, on March 17, 2017, she had a conversation with a private individual, Olis Simmons, in which Simmons made comments indicating that Defendant Cox – the Director of the SSA – had revealed protected personal information about Soublet. *Id.* ¶¶ 14-15.

On April 22, 2017, Soublet emailed a letter to various County of Alameda officials, including the Board of Supervisors. *Id.* ¶ 19. In the letter, Soublet recounted in detail her history with SSA. *Id.* Soublet then asserted that Cox's conduct over the prior year had created a hostile work environment, constituted an abuse of power, caused disparate treatment, and violated personnel practices. *Id.* For each category, Soublet briefly stated various examples, such as

"[m]anagement *directive* in violation of personnel and ADA laws." *Id.* (italics in original). The letter closed by stating:

> I want to be clear, I do not have an axe to grind, and I can substantiate the claims that I am setting forth. I understand the gravity of my allegations, and the risks that I take in making them public.
>
> I have played out every possible scenario and still decided to move forward. I have always given my full support to [Cox's] stated objectives for the Agency. What I cannot continue to do is work in a climate where I am devalued, concerns about my mental and emotional health are raised and discussed openly with others, and I do not know what to guard against from one day to the next.
>
> As I've said, I could have brought my concerns to your board behind the veil of anonymity but I choose not to. I have done nothing wrong and I want you to know that. I now know what it feels like to be the target of these types of actions, and I have personal empathy for those who have also gone through it. It is not easy speaking truth to power, but what is my alternative?

*Id.* On September 5, 2017, Soublet received a letter from the County Counsel stating that an independent investigation had found that Cox "shared confidential information inappropriately and in violation of County policy." *Id.* ¶ 20.

On January 18, 2018, Cox issued a written reprimand to Soublet, citing willful disobedience, insubordination, and discourteous treatment of the general public or fellow employees. *Id.* ¶¶ 22-23.

On January 30, 2018, Soublet filed a formal "Claim for Damages" with the County, along with the County's standardized form for such claims. ECF No. 12-1.[1] On the form, under "Date of Accident/Loss," Soublet wrote: "Ongoing – continuing violation." *Id.* at 10. The Claim for Damages reproduced in its entirety Soublet's April 22, 2017 email,[2] *id.* at 14-18, and then provided a list of causes of action with no additional factual explanation, *id.* at 18-19.

---

[1] With their motion to dismiss, Defendants attached copies of (1) Soublet's April 24, 2017 email and attached letter; (2) Soublet's January 31, 2018 Claim for Damages; and (3) the County's March 19, 2018 response to the Claim for Damages. *See* ECF No. 12-1. Because the FAC references these documents, *see* FAC ¶ 12, and the County's rejection of Soublet's administrative claim for damages "forms the basis" of Soublet's state-law claims in this lawsuit, the Court concludes that they are incorporated by reference into the FAC. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Soublet does not object to consideration of these documents.

[2] The Court refers to the email and attached letter collectively as the "email."

2

1    On March 19, 2018, the County mailed a "Notice of Return of Untimely Claim and
2    Rejection of Claim" to Soublet's attorney. *Id.* at 21-22. The Notice explained that the County
3    was returning as untimely Soublet's claim to the extent that it was based on causes of action
4    occurring prior to February 5, 2017. *Id.* at 21. The County also returned as untimely causes of
5    action accruing between February 5, 2017, and August 4, 2017, but informed Soublet that she
6    could apply for leave to file a late claim pursuant to California Government Code sections 911.4
7    and 911.6. *Id.* Finally, the Notice informed Soublet that the County rejected her claims on the
8    merits to the extent they accrued after August 5, 2017. *Id.*

### B. Procedural History

On June 22, 2018, Soublet filed this lawsuit. ECF No. 1. Soublet then amended her complaint on July 24, 2018. *See* FAC. The FAC raises numerous 42 U.S.C. § 1983 claims based on alleged constitutional violations. FAC at 12, 16-18, 20, 21, 23. As relevant here, the FAC also alleged state-law claims based on (1) invasion of the California constitutional right to privacy; (2) violations of the Information Practices Act of 1977, Cal. Civ. Code § 1798.24; (3) retaliation under the Fair Employment and Housing Act, Cal. Labor Code § 1102.5; (4) intentional infliction of emotional distress; and (5) negligence. FAC at 25-26, 28, 30-31.

On October 8, 2018, Defendants filed this motion to dismiss the state-law claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 12.

## II. JURISDICTION

The Court has jurisdiction over Soublet's § 1983 claims under 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over Soublet's related state-law claims pursuant to 28 U.S.C. § 1367(a).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that,

3

when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

**IV. DISCUSSION**

**A. California Government Claims Act**

Defendants first argue that the state-law claims must be dismissed because Soublet failed to comply with the administrative claim presentation requirements in the California Government Claims Act. ECF No. 12 at 6-9.

**1. Legal Standard**

With some exceptions not applicable here, the Government Claims Act "requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 734 (2007) (quoting Cal. Gov. Code § 905). A properly presented claim must contain:

> (a) The name and post office address of the claimant.
>
> (b) The post office address to which the person presenting the claim desires notices to be sent.
>
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
>
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
>
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
>
> (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the

4

> estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

Cal. Gov. Code § 910. In order to "to gauge the sufficiency of a particular claim," courts ask two questions: "Is there *some* compliance with *all* of the statutory requirements; and, if so, is this compliance sufficient to constitute *substantial* compliance?" *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 456–57 (1974). In other words, "[t]he doctrine of substantial compliance . . . cannot cure total omission of an essential element from the claim or remedy a plaintiff's failure to comply meaningfully with the statute." *Connelly v. County of Fresno*, 146 Cal. App. 4th 29, 38 (2006). A public entity presented with a sufficient claim under these requirements "must act within 45 days or the claim is deemed to have been denied." *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 707 (1989) (citing Cal. Gov. Code § 912.4).

If, on the other hand, "a claim as presented fails to comply substantially" with the Act's requirements, Cal. Gov. Code § 910.8, it triggers various requirements. *See Phillips*, 49 Cal. 3d at 707. Not every communication qualifies as a "claim as presented," however. "[A] document constitutes a 'claim as presented' . . . if it discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity." *Id.* at 709; *see also California v. Superior Court*, 32 Cal. 4th 1234, 1245 (2004) ("Courts have long recognized that [a] claim that fails to substantially comply with sections 910 and 910.2, may still be considered a 'claim as presented' if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved." (internal quotation marks and citation omitted)).

Where a document qualifies as "a claim as presented," the public entity must give the claimant notice of the defect, *see* Cal. Gov. Code § 910.8, or else waive that defense, *see id.* § 911. But these notice-and-waiver provisions do not apply if "the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." *Id.* § 911.

A compliant claim must also be submitted to the public entity within certain time limits.

5

"Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year." *City of Stockton*, 42 Cal. 4th at 734 (citing Cal. Gov. Code § 911.2). The public entity must give the claimant notice that it is returning a late-filed claim as untimely and advise the claimant of the ability to file an application for leave to present a late claim. *See* Cal. Gov. Code § 911.3(a). As with other defects in the claim, the public entity's failure to give the claimant notice waives this defense, unless "the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." *Id.* § 911.3(b).

"Presentation of a claim against a public employee or former public employee for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to the maintenance of an action against the employee, but presentation of a claim against the employing public entity is a prerequisite to bringing such an action." *Olden v. Hatchell*, 154 Cal. App. 3d 1032, 1034 (1984); *see also* Cal. Gov. Code §§ 950, 950.2, 950.6.

### 2. Discussion

Soublet does not dispute that her compliance with the Government Claims Act's requirements turns solely on the adequacy of her April 22, 2017 email. *See* ECF No. 22 at 5-9.

The Court first considers whether this email substantially complied with the Act's requirements. Defendants argue that the email made no attempt to comply with the requirements to include Soublet's "name and post office address," Cal. Gov. Code § 910(a), "[t]he post office address to which [Soublet] desire[d] notices to be sent," *id.* § 910(b), "a general description of the indebtedness, obligation, injury, damage or loss," *id.* § 910(d), or "[t]he amount claimed if it totals less than ten thousand dollars" or "whether the claim would be a limited civil case," *id.* § 910(f). Moreover, Defendants argue, Soublet did not use the required claim form. *See id.* § 910.4.

The Court agrees with Defendants that Soublet's email does not demonstrate substantial compliance with the requirement to specify the amount claimed. Soublet's sole argument is that it was unnecessary to specify an amount because her damages exceeded $10,000. ECF No. 22 at 8. But in that case, the statute requires the claimant to "indicate whether the claim would be a limited civil case," Cal. Gov. Code § 910(f), which serves the purpose of apprising the public entity

6

whether the amount claimed exceeds $25,000, *see* Cal. Code Civ. Proc. § 85(a); *see* also City of Stockton, 42 Cal. 4th at 738 ("The claims statutes also enable the public entity to engage in fiscal planning for potential liabilities and to avoid similar liabilities in the future." (internal quotation marks and citation omitted)). Nothing in the email provided any indication of the amount claimed, or even that Soublet sought money damages, and therefore it did not constitute substantial compliance with that requirement. *See Olson v. Manhattan Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1061 (2017) (finding claim defective because, among other things, it did not contain "the dollar amount claimed or whether the claim would be a limited civil case"); *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal. App. 3d 1071, 1083 (1983) ("Nowhere in the letter is there a claim for money damages, nor, for that matter is there even an estimate of the amount of any prospective injury, damage or loss."); *Pac. Tel. & Tel. Co. v. County of Riverside*, 106 Cal. App. 3d 183, 191 (1980) (holding that claim did not satisfy substantial compliance where it did not give "notice of . . . the extent of the damages claimed").

Accordingly, the Court holds that the April 22, 2017 email did not substantially comply with the claim presentation requirements.

Next, the Court considers whether the email constituted "a claim as presented." The key question is whether the email conveyed "the existence of a 'claim' which, if not satisfactorily resolved, w[ould] result in a lawsuit against the entity." *Phillips*, 49 Cal. 3d at 709. Here, it did not. There was no express statement that Soublet would pursue a lawsuit absent some response from the County. *Cf. id.* at 703 (notice titled "Intention to Commence Action" stating "Mr. Phillips will claim damages for loss of consortium and for his mental and emotional suffering resulting from the damages and disfigurement to his wife"); *Foster v. McFadden*, 30 Cal. App. 3d 943, 945 (1973) (letter requesting response to "eliminate the necessity for initiating formal proceedings"). Soublet's unadorned statements that certain of Cox's practices violated particular statutes and that "I can substantiate the claims that I am setting forth," ECF No. 12-1 at 17-18, falls far short of this standard. *See* ECF No. 22 at 8 n.4. Nothing in the email even "indicated that a demand was being made for compensation for injuries." *Green v. State Ctr. Cmty. Coll. Dist.*, 34 Cal. App. 4th 1348, 1358 (1995). Indeed, Soublet did not request that the County take any

7

particular action in response to her allegations, so the County could not reasonably perceive that Soublet was issuing a pre-litigation demand.

The Court's conclusion is bolstered by Soublet's subsequent conduct. *See Schaefer Dixon Assocs. v. Santa Ana Watershed Project Auth.*, 48 Cal. App. 4th 524, 534 (1996) (observing that claimant's subsequent letter to agency "did not treat the [first disputed] letter as equivalent of a 'claim' to which the agency had to respond within 45 days," but instead "simply reiterated a request for a meeting on the subject"). Soublet did not treat the County's failure to respond to her April 22, 2017 email within 45 days as a denial. *Cf.* Cal. Gov. Code § 912.4 (requiring board to act within 45 days unless extended by written agreement with claimant). Nor did Soublet file suit when the County did not provide compensation to satisfy her allegedly articulated demand for relief. Instead, nine months later, she filed a formal claim for damages and merely reincorporated the factual allegations of her earlier email. *See* ECF No. 12-1 at 14-18.

Because Soublet's email did not constitute a claim as presented, the County did not waive any defenses by failing to notify Soublet of any defects in the email. *See* Cal. Gov. Code §§ 910.8, 911.3(b).

The Court therefore agrees with Defendants that Soublet did not present her claims to the County until January 31, 2018. *See* ECF No. 12-1 at 10. The County properly returned Soublet's claims as untimely, *id.* at 21, and Soublet does not contend that she applied for leave to present a late claim. Soublet's claims are therefore barred. *See* Cal. Gov. Code § 945.4.[3]

### B. Information Practices Act

Even if Soublet's Tenth Claim were not barred by the failure to comply with the Government Claims Act, it would still fail as a matter of law. Soublet concedes that the County is

---

[3] The Court notes that the County, seemingly out of an abundance of caution, rejected any timely claims on the merits. ECF No. 12-1 at 21. But any claim that did not arise out of the April 22, 2017 email could not be fairly claimed to have been presented in the January 31, 2018 Claim for Damages, because that document relied solely on the email as the factual basis for its claims. *See id.* at 15-18; *Loehr*, 147 Cal. App. 3d at 1982 ("The document also fails to state in detail the circumstances or occurrence that would give rise to certain of the wrongs which constitute the basis of plaintiff's causes of action for [specific claims]."). Moreover, Soublet does not argue that she presented any timely claims for the first time in the Claim for Damages.

8

not subject to the provisions of the Information Practices Act, Cal. Civ. Code §§ 1724(d), 1798.45, on which the claim is based. ECF No. 22 at 9-10; *see also* Cal. Civ. Code § 1798.3(b)(4) (defining "agency" to exclude "[a] local agency" as defined in California Government Code section 6252(a)). Similarly, Soublet does not allege, nor can it be inferred from the factual allegations of her complaint, that the personal information allegedly disclosed was "maintained by a state agency or from 'records' within a 'system or records' . . . maintained by a federal government agency." Cal. Civ. Code § 1798.53. Therefore, the Tenth Claim is facially defective against Cox as well.[4]

## CONCLUSION

For the foregoing reasons, the Court holds that Soublet's state-law claims must be dismissed. Because Soublet failed to timely present her claims to the County, and there is no indication that she could allege facts that would otherwise excuse her from the Government Claims Act's requirements, the Court concludes any further amendment would be futile. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) ("However, because [plaintiff's] claims are barred by the statute of limitations, any amendments would have been

/ / /

/ / /

/ / /

/ / /

/ / /

futile."). Accordingly, the Court GRANTS Defendants' motion to dismiss Claims Eight, Nine, Ten, Eleven, and Twelve with prejudice.

**IT IS SO ORDERED.**

---

[4] The Court does not reach Defendants' other alternative argument that the California Workers Compensation Act preempts Soublet's negligence claim. ECF No. 12 at 9. The parties have not adequately briefed whether Cox allegedly revealing Soublet's protected personal information to a third party "violated public policy and therefore fell outside the compensation bargain." *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 715 (1994). Soublet's reliance on allegations of retaliation, *see* ECF No. 22 at 11, which do not form the basis of her negligence claim, *see* FAC ¶ 107, are unhelpful to this analysis.

Dated: November 29, 2018

_____
JON S. TIGAR
United States District Judge